**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4715**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ABELARDO BUSTOS-SERRANO,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-04-253-WLO)

---

Submitted: May 19, 2006          Decided: June 13, 2006

---

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Walter L. Jones, CLIFFORD, CLENDENIN, O'HALE & JONES, LLP, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Abelardo Bustos-Serrano pled guilty to one count of conspiracy to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 846 (2000). He was sentenced to 175 months in prison. Bustos-Serrano now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in his opinion, there are no meritorious issues for appeal. Bustos-Serrano was advised of his right to file a pro se supplemental brief, but has not filed such a brief. We affirm.

In his plea agreement, Bustos-Serrano stipulated that he was accountable for at least fifteen, but less than fifty, kilograms of cocaine. His presentence report (PSR) accordingly assigned a base offense level of 34. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(3) (2004). Two levels were added for possession of a firearm, see USSG § 2D1.1(b)(1), and two levels were added because Bustos-Serrano was the manager or supervisor of a criminal activity involving fewer than five persons, see USSG § 3B1.1(c). His adjusted offense level therefore was 38. Three levels were subtracted for acceptance of responsibility, see USSG § 3E1.1(b), for a total offense level of 35. His criminal history category was I, and his guideline range was 168-210 months. Bustos-Serrano objected to the enhancements for possession of a firearm and role in the offense.

- 2 -

At sentencing, the district court concluded that a preponderance of the evidence supported the contested enhancements. The court also heard argument as to the impact the factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005) should have on the sentence. After hearing from Bustos-Serrano, the court sentenced him to 175 months in prison.

On appeal, counsel claims that the two enhancements violate the Sixth Amendment under United States v. Booker, 543 U.S. 220 (2005). However, our de novo review of this claim, see United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003), discloses no error. After Booker, district courts must calculate the appropriate advisory guideline range, consider that range in conjunction with the § 3553(a) factors, and impose a sentence, which "must be within the statutorily prescribed range and . . . reasonable." United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) (citations omitted). "[A] sentence imposed within the properly calculated Guidelines range . . . is presumptively reasonable." United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006) (internal quotation marks and citation omitted). Here, the 175-month sentence falls within both the guideline range of 168-210 months and the statutory range of ten years to life in prison, see 18 U.S.C. § 841(b)(1)(A) (2000).

Bustos-Serrano complains that the guideline range was erroneously calculated because the two enhancements were based upon

facts found by the district court by a preponderance of the evidence. He believes that, to withstand Sixth Amendment scrutiny after <u>Booker</u>, the enhancements had to be based on facts found by a jury beyond a reasonable doubt or on his own admissions. We discern no Sixth Amendment error because the district court acted properly in making the relevant findings based on a preponderance of the evidence. <u>See</u> <u>United States v. Morris</u>, 429 F.3d 65, 71-72 (4th Cir. 2005); <u>Hughes</u>, 401 F.3d at 546.

In accordance with <u>Anders</u>, we have thoroughly reviewed the entire record and found no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>